UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-23150-CIV-GRAHAM/GOODMAN

LUIS A. CARRERAS, et al.,

      Plaintiffs,

v.

PMG COLLINS, LLC, et al.,

      Defendants.

_____/

## ORDER STRIKING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR DETERMINATION OF ENTITLEMENT TO ATTORNEY'S FEES AND COSTS

This Cause is before the Undersigned on Defendant PMG Collins, LLC's ("PMG") Motion for Determination of Entitlement to Prevailing Party Attorney's Fees and Costs. [ECF No. 121]. The District Court referred the motion to the Undersigned. [ECF No. 122]. Plaintiffs did not respond to the motion and the time to do so has now expired.

I.     **BACKGROUND**

On January 15, 2013, the District Court dismissed Plaintiffs' amended complaint which sought, among other things, the recession of two condominium purchase contracts signed with PMG. [*See generally* ECF No. 118]. On January 30, 2013, the District

Court entered an Order of Dismissal formally dismissing and closing this case. [ECF No. 120].

On February 19, 2013, PMG filed the instant motion. [ECF No. 121]. In its motion, PMG seeks attorney's fees and costs as the prevailing party in disputes arising under the condominium purchase contracts. [*Id.* at p. 1]. PMG states that in order to comply with Local Rule 7.3, it sent an email to Plaintiffs' counsel requesting that Plaintiffs first agree that PMG is entitled to attorney's fees and costs under the condominium purchase contracts. [*Id.* at p. 2]. According to the procedure explained in PMG's motion, PMG would produce information regarding the amount of fees it is seeking only if Plaintiffs agreed that PMG is entitled to attorney's fees and costs. [*Id.*]. But Plaintiffs' counsel failed to respond or confer with PMG's counsel, as required by Local Rule 7.3, and there is no agreement on entitlement. [*Id.*].

When Plaintiffs did not respond, PMG filed the motion requesting that the District Court first determine that PMG is entitled to attorney's fees and costs. [*Id.*]. The motion did not address the amount of fees nor did it provide supporting documentation to corroborate the amount. According to PMG, after the District Court determines the issue of entitlement, then (assuming the District Court were to rule its way on the entitlement issue) PMG will file a motion setting out the amount it seeks. In short, PMG seeks to bifurcate the issues of entitlement and amount of attorney's fees and costs.

In addition to not conferring with PMG, Plaintiffs did not respond to the motion[1] and the time to do so has now expired. The District Court referred the motion to the Undersigned on February 20, 2013. [ECF No. 122].

## II.  DISCUSSION

PMG seeks to bifurcate the issues of entitlement and amount of attorney's fees and costs, but Local Rule 7.3 does not provide a mechanism for the bifurcation of these issues. Rather, the Rule explicitly requires that a motion for attorney's fees address **both** entitlement and amount. *See* Local Rule 7.3; *Murray v. Playmaker Servs., LLC,* No. 05-CIV-80885, 2007 WL 4563483, at *1 (S.D. Fla. Dec. 19, 2007) (denying motion to bifurcate issues of entitlement and amount of attorney's fees because Local Rule 7.3 requires motion to address both issues); *Dyett v. N. Broward Hosp. Dist.,* No. 03-CIV-60804, 2004 WL 5320628, at *1 (S.D. Fla. Apr. 26, 2004) (striking without prejudice motion for entitlement of attorney's fees because it violates Local Rule 7.3).

Indeed, as Magistrate Judge Brown explained in a case raising the identical issue here, strong policy considerations favor Local Rule 7.3's approach:

> As unilaterally bifurcated by defendant, this motion would allow for a response and a reply. Then this Court would issue a Report and Recommendation on the issue of entitlement to fees, which would then lead to the allowable filing of objections thereto, and ultimately the issuance of an order from the District Judge. If the result was a finding of

---

[1]    On February 26, 2013, Plaintiffs filed a notice of appeal of the District Court's Order. [ECF No. 123]. The pendency of an appeal does not stay a motion for attorney's fees and costs. Local Rule 7.3(a)(1).

> entitlement in favor of defendant, this would presumably
> lead to the filing of another motion detailing hours spent
> and hourly rates sought, followed by another response and
> reply, followed by another Report and Recommendation,
> followed by additional objections, followed, finally, by yet
> another order from the District Judge ... making, at least in
> this scenario, a virtual mockery of the Supreme Court
> mandate in the case of *Hensley v. Eckerhart,* 461 U.S. 424, 103
> S.Ct. 1933, 76 L.Ed.2d 40 (1983).

*Dyett*, 2004 WL 5320628, at *2.

Accordingly, because the Local Rule does not authorize PMG's attempted bifurcation (but actually requires a complete submission addressing entitlement and amount) and because PMG has not obtained an order from the District Court allowing the suggested bifurcation, the Undersigned strikes PMG's motion without prejudice. PMG may file a renewed fees and costs motion that complies with the conditions and timetable set out below.[2]

## III.    CONCLUSION

For the reasons set out above, the Undersigned **ORDERS** as follows:

1.    PMG's Motion is **stricken without prejudice**.

---

[2]    To the extent that this Order extends Local Rule 7.3's 60 day time limit to file such motions, the Undersigned grants PMG an extension of time to file its motion. *See* Comments to Local Rule 7.3 ("The authority of Judges to regulate the mechanics of fee applications is clear."); *Luken v. Int'l Yacht Council Ltd.,* No. 02-60772-CIV, 2009 WL 1706534, at *15 n. 12 (S.D. Fla. June 11, 2009) (Former Magistrate Judge Rosenbaum [now District Court Judge] granted three extensions of time for a party to file its attorney's fees motion).

2.      PMG may file a renewed motion for attorney's fees and costs that complies with Local Rule 7.3 on April 15, 2013. If PMG chooses to file such a motion, then the following timetable and conditions apply:

    a.  PMG will send a copy of the motion and all supporting documents to Plaintiffs no later than April 5, 2013.

    b.  After sending its motion and supporting documents to Plaintiffs, PMG will attempt to confer with Plaintiffs to resolve any disputes regarding PMG's motion.

    c.  In its motion, PMG will set out the steps it took to confer with Plaintiffs.

**DONE AND ORDERED** in Miami, Florida, this 29th day of March, 2013.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE


<u>**Copies furnished to**</u>:
The Honorable Donald L. Graham
All counsel of record